NOT FOR PUBLICATION

```
                IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| THOMAS ELLINGTON, | : |
| Petitioner, | : Civil Action No. 14-4118 (RMB) |
| v. | : **OPINION** |
| MICHAEL D. CREWS, et al., | : |
| Respondents. | : |

**BUMB, District Judge:**

    This matter is before the Court on Petitioner's application styled as a § 2254 petition ("Petition"). For the reasons stated below, the Petition will be dismissed for lack of jurisdiction, and no certificate of appealability will issue.

    Petitioner is a Florida inmate who recently filed another action in this District. See Ellington v. Claypoole ("Ellington-I"), No. 14-3440 (RMB). In Ellington-I, he submitted a § 1983 complaint indicating that, sixteen years ago, he was convicted of a sexual offense falling within the range of crimes listed in N.J. Stat. Ann. 2C:7-2(b) and, thus, became subject to the registration requirement of N.J. Stat. Ann. 2C:7-1, et seq. ("Megan's Law"). See Ellington-I, Docket Entry No. 1, at 3. After that conviction, he had other convictions, one in 2000 (a controlled substance offense) and others in 2003 and later (failures to register under the Megan Law). See id. at 3-5.

In 2013, he filed an application with the Superior Court of New Jersey, Law Division, seeking relief from the registration requirement.  See id.  Hon. Susan L. Claypoole ("Judge Claypoole") denied that application for failure to satisfy the prerequisite requirement of demonstrating that Petitioner had been offense-free for fifteen years.  See id. at 5.  After Judge Claypoole's ruling, Petitioner commenced Ellington-I, conceding his controlled substance conviction in 2000 and his failures to register in and after 2003 but maintaining that Judge Claypoole erred in finding that he was obligated but failed to register in New Jersey, since he has been incarcerated in Florida starting November 1, 2010.  See id. at 3.  In light of that contention, and asserting that his three convictions should have been ignored for the purposes of the Megan's Law, he alleged that Judge Claypoole violated his rights by denying him relief from the registration requirement.  Correspondingly, he sought $1 million in damages.  See id. at 4.  This Court screened the Ellington-I complaint and dismissed it sua sponte, as meritless, in light of Judge Claypoole's judicial immunity.  See Ellington v. Claypoole, 2014 U.S. Dist. LEXIS 77149 (D.N.J. June 6, 2014).

Three weeks after this Court's entry of its Ellington-I decision, the Clerk received Petitioner's application at bar styled, as noted supra, to mimic a § 2254 habeas petition.  See Instant Matter, Docket Entry No. 1.

Here, as in Ellington-I, Petitioner is challenging Judge Claypoole's factual and legal findings.  See id. at 5 (stating that his challenge was unexhausted at the Appellate Division and the Supreme Court of New Jersey because, having no internet access, Petitioner is unaware of New Jersey appellate rules).

Had Petitioner's claim been a jurisdictionally-proper habeas challenge, this Court would have dismissed it without prejudice, for failure to exhaust.  However, a non-prejudicial dismissal is unwarranted here, in light of Petitioner's failure to meet the threshold "in-custody" requirement vesting this Court with habeas jurisdiction.

Section 2254 gives a federal district court subject matter jurisdiction to entertain a habeas petition only as follows:[1]

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Similarly, the umbrella habeas statute, 28 U.S.C. § 2241 provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless — . . .  He is in custody in violation of the Constitution or laws or treaties of the United States.

---

[1] Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

28 U.S.C. § 2241(c)(3).

To obtain federal habeas corpus review under either one of the above-listed statutes, a petitioner must satisfy two requirements: (a) the status requirement, by showing that he is "in custody"; and (b) the substance requirement, by showing that his petition challenges the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. See Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The Supreme Court has "interpreted the statutory language as requiring [a showing] that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (custody requirement is satisfied where the petitioner is incarcerated at the time his petition is filed).[2] The "in custody" requirement is satisfied when the

---

[2] Thus, the generic fact that a petitioner is incarcerated is of no relevance to the "in custody" requirement. Rather, the restraints on the petitioner's liberty must arise from: (a) the operations of the very sentence he is attacking; and (b) that sentence must be in effect when he files his habeas petition. While collateral consequences, such as the lack of ability to vote, engage in certain businesses, hold public office, serve as a juror, etc., may avoid mootness of a habeas petition where the petitioner was released after his petition was filed but before the judicial decision is entered, such collateral consequences are not sufficient to satisfy the "in custody" jurisdictional requirement if the petition is filed after the sentence expired.

sentence attacked is imposing "significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally." Lehman v. Lycoming County Children's Serv. Agency, 458 U.S. 502, 508 (1982) (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963)); see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.")

Megan's Laws, as adopted certain states, including the State of New Jersey, are *non-punitive* regulatory regimes that require: (a) mandatory registration of certain convicted sex offenders with law enforcement authorities; and (b) community notification. See Smith v. Doe, 538 U.S. 84, 89 (2003).[3] The requirements

---

See Spencer, 523 U.S. at 7-8; Maleng, 490 U.S. at 491-92.

[3] The Court of Appeals for the Third Circuit described the requirements of New Jersey's Megan's Law as follows:

> The registrant must provide the following information to the chief law enforcement officer of the municipality in which he resides: name, social security number, age, race, sex, date of birth, height, weight, hair and eye color, address of legal residence, address of any current temporary legal residence, and date and place of employment. N.J.S.A. 2C:7-4(b)(1). He must confirm his address every ninety days, notify the municipal law enforcement agency if he moves, and re-register with the law enforcement agency of any new municipality. N.J.S.A. 2C:7-2(d) to (e). The information provided by the registrant is put into a central registry, open to other law enforcement

posed by such regimes do not meet the "in custody" requirement under § 2254(a) and/or § 2241(c)(3). See Green v. Fisher, 2011 U.S. Dist. LEXIS 140791 (E.D. Pa. May 23, 2011) (collecting cases). "[C]ourts [in this nation] have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." Virsnieks v. Smith, 521 F.3d 707, 718 (7th Cir. 2008); see also Leslie v. Randle, 296 F.3d 518, (6th Cir. 2002); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999). In sync, the courts in this District have

---

> personnel but not to public inspection. Law enforcement officials then use the data provided to apply a "Risk Assessment Scale," a numerical scoring system, to determine the registrant's "risk of offense" and the tier in which the registrant should be classified. In the case of Tier 1 registrants, notification is given only to law enforcement agents "likely to encounter" the registrant. Tier 2, or "moderate risk," notification is given to law enforcement agents, schools, and community organizations "likely to encounter" the registrant. Tier 3, or "high risk," notification goes to all members of the public "likely to encounter" the registrant. Notifications generally contain a warning that the information is confidential and should not be disseminated to others, as well as an admonition that actions taken against the registrant, such as assaults, are illegal. The prosecutor must provide the registrant with notice of the proposed notification. A pre-notification judicial review process is available for any registrant who wishes to challenge his or her classification.

Paul P. v. Verniero, 170 F.3d 396, 399 (3d Cir. 1999) (citations and internal quotation marks omitted).

invariably held that the classification, registration and community notification provisions of New Jersey's Megan's Law are merely collateral consequences of the conviction that did not constitute severe/immediate restraints on liberty sufficient to satisfy the "in custody" requirement for the purposes of vesting a federal court with jurisdiction to conduct a habeas review. See, e.g., Moore v. New Jersey, 2012 U.S. Dist. LEXIS 62192, at *9 (D.N.J. May 3, 2012) (addressing this very issue and relying on Bango v. Green-Allen, 2011 U.S. Dist. LEXIS 143 (D.N.J. Jan. 3, 2011); Coleman v. Arpaio, 2010 U.S. Dist. LEXIS 41035 (D.N.J. Apr. 27, 2010); Shakir v. State of New Jersey, 2006 U.S. Dist. LEXIS 1322 (D.N.J. Jan. 17, 2006). Thus, Petitioner is not "in custody" under Megan's Law. Since Petitioner is not "in custody," this Court lacks subject matter jurisdiction over his claim and will dismiss his Petition with prejudice.

No certificate of appealability will issue since Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: June 30, 2014